## COWLES v. KIEHEL.

(Supreme Court, Special Term, Monroe County. December, 1899.)

1. PURCHASER FOR VALUE—PRE-EXISTENT DEBT.

Plaintiff delivered to B. certain shares of stock in a corporation merely for the purpose of qualifying him to hold the office of director in the company. B. assigned the stock to defendant in payment of a debt. *Held,* that defendant is not such a purchaser for value as will be protected against the rights of the true owner, for credit given on a pre-existent debt is not a sufficient consideration to make him such.

2. CORPORATE STOCK—ASSIGNMENT.

Laws 1897, c. 612, regulating the negotiation of bills of exchange and promissory notes, are not applicable to assignments of certificates of stock.

Action by Arthur B. Cowles against Constantine D. Kiehel for the recovery of certain shares of stock. Judgment for plaintiff.

Elbridge L. Adams, for plaintiff.

W. A. Sutherland, for defendant.

NASH, J. The case here as to the purchase by the defendant Kiehel of the defendant Browne of the five shares of stock of the Rochester Folding-Box Company, and the credit given therefor on account of indebtedness of Browne to Kiehel upon the books of the latter, and as to the title acquired by Kiehel as against the plaintiff who was the owner of the stock, having put it into the hands of Browne merely for the purpose of qualifying the latter to hold office as a director of the company, is precisely the same in principle as the case of Weaver v. Barden, 49 N. Y. 286, where it is held that, to entitle a purchaser to the protection of a court of equity as against the legal title of a prior equity, he must not only be a purchaser without notice, but he must be a purchaser for a valuable consideration actually paid. The mere credit given upon a pre-existent debt is not sufficient. This is the rule of law applicable here, unless, as it is contended in behalf of the defendant, the law relative to the case is changed by the recent statute relating to negotiable instruments,—the negotiable instruments law (chapter 612, Laws 1897). The provisions of that law, by its terms, are made applicable to negotiable instruments only. The law provides (section 20) that:

"An instrument to be negotiable must conform to the following requirements: (1) It must be in writing and signed by the maker or drawer; (2) must contain an unconditional promise or order to pay a sum certain in money; (3) must be payable on demand or at a fixed or determinable future time; (4) must be payable to order or to bearer; and (5) where the instrument is addressed to a drawee, he must be named or otherwise indicated therein with reasonable certainty."

By section 50:

"Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value."

What constitutes consideration is defined by section 51:

"Value is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value, and is deemed such whether the instrument is payable on demand or at a future time."

The provisions of section 50 and 51 are applicable only to negotiable instruments as defined by section 20,—an instrument for the payment of money. A certificate of stock is not in character or form an instrument for the payment of money, and does not contain any of the requirements of a negotiable instrument as defined by section 20 of the negotiable instruments law. In McNeil v. Bank, 46 N. Y. 325, the owner delivered his certificate of stock to his brokers to secure a balance of account amounting to $3,000, and indorsed upon the certificate a blank assignment and power of attorney to transfer. The brokers, without authority, and without plaintiff's knowledge, pledged the certificate, with other securities, to secure an advance of $45,135. It was held that the plaintiff, as against the pledgees in good faith and for value, was estopped from denying the authority of his broker to make the transfer. In Knox v. American Co., 148 N. Y. 441, 42 N. E. 988, the court refused to extend the rule as to the negotiability of stock certificates further. Andrews, C. J., writing for the court, says that the case of McNeil v. Bank marks the limit to which the court has hitherto gone in subordinating the rights of a true owner of a stock certificate to the title of a transferee derived under one who, being in possession of a certificate by the consent of the true owners, has transferred it in fraud of his rights. He further says, after stating the principle held and applied in that case:

"The courts have been frequently importuned to extend the qualities of negotiability of stock certificates beyond the limits mentioned, and clothe them with the same character of complete negotiability as attaches to commercial paper. But the courts have refused to accede to that view. If public policy requires that a further advance should be made in more completely assimilating them to commercial paper in the qualities of negotiability, the legislature, and not the courts, should so declare."

The legislature has not so declared in the negotiable instruments law. It is not attempted in that law to regulate or provide for the negotiation in any manner of any negotiable instruments except bills of exchange and promissory notes, to which, by express definitions, the law is made applicable in terms. It must be held, I think, that the rule as applied to the negotiability of stock certificates in Weaver v. Barden is still the law.

Findings may be submitted. All concur.